IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CETERY WEEMS,<br>　　Petitioner, | : <br> : <br> : | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254 |
| v. | : <br> : | |
| TED JACKSON,<br>　　Respondent. | : <br> : | CIVIL ACTION NO.<br>1:16-CV-745-TWT-LTW |

**ORDER AND FINAL REPORT AND RECOMMENDATION**

Petitioner is confined at the Fulton County Jail in Atlanta, Georgia. Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254 and leave to proceed *in forma pauperis* ("IFP"). (Docs. 1, 2.)

On February 2, 2016, Petitioner pled guilty in the Superior Court of Fulton County to assault, battery, and other violent crimes. (Doc. 1 at 2.) That court sentenced Petitioner to twenty years, with ten of those to be served in prison. (*Id.*) In his federal habeas petition, Petitioner complains of the prosecution and his defense counsel. (*Id.* at 2-6.)

Petitioner did not appeal his judgment of conviction or otherwise challenge the judgment in any state court. (*Id.* at 2.) There are no other petitions or appeals pending in any court. (*Id.* at 7.)

Under Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts, the Court must "promptly examine" a habeas petition and determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." If it does so appear, the Court "must dismiss the petition." Rule 4, § 2254 Cases. The undersigned has examined Petitioner's habeas petition and finds it plainly apparent that the petition should be dismissed without prejudice because Petitioner has not exhausted his available state remedies.

A district court may not consider a petition for a writ of habeas corpus unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must present his claims, on direct appeal or collateral review, to the highest state court of review according to that state's appellate procedure and "complete" the process by giving the state courts a "full opportunity to resolve any constitutional issues." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999). That includes pursuing challenges to state convictions through the appeals process in the state appellate courts. *See Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976).

Petitioner has not given the state courts an opportunity to resolve the claims he presented in his federal habeas petition because he has not presented those claims to any state court since his judgment of conviction was entered just over one month ago. (Doc. 1.) Because Petitioner has not pursued an appeal or other post-conviction relief in the state courts, all of his claims in his federal habeas petition are unexhausted. In such cases, the district court should dismiss the petition without prejudice to allow exhaustion. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982).

Accordingly, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** under Rule 4 because Petitioner has exhausted none of the claims in his petition. The undersigned **FURTHER RECOMMENDS** that a certificate of appealability be **DENIED** because the exhaustion issue is not reasonably debatable. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Petitioner's application to proceed *in forma pauperis* is **GRANTED** for purposes of dismissal only.

**SO ORDERED & RECOMMENDED** this 11 day of March, 2016.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE